# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSHUA DUANE BUTLER,** | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. CIV 20-231-RAW-SPS |
| **EDDIE RICE, et al.,** | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a pro se pretrial detainee who is incarcerated at the Okmulgee County Jail in Okmulgee, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations related to his criminal proceedings and his incarceration. The defendants are Eddie Rice, Okmulgee County Sheriff; Aaron Swayze, Okmulgee County Deputy Investigator; Robert Frost, Morris Police Chief; Carol Iski, Okmulgee County District Attorney; Sam McCoy, Okmulgee County Jail Employee; Pandee Ramirez, Okmulgee County Judge; Cori Felkins, Oklahoma Indigent Defense System (OIDS) Attorney; and Cindy Dawson, OIDS Attorney. He requests relief in the from of monetary damages and dismissal of his pending criminal charges.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The complaint also must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  *Id*. at 555-56.  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed.  *Id*. at 558.  The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim.  *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro

se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Plaintiff's Allegations**

Although Plaintiff has not referenced his criminal case number, the Oklahoma State Courts Records website at www.oscn.net, indicates he has pending felony charges in Okmulgee County District Court Case No. CF-2019-260.[1] He alleges he was not arraigned until January 9, 2020, and Defendant Judge Ramirez appointed him an OIDS attorney whose law firm represents the State's witness against Plaintiff. On February 24, 2020, the day before his preliminary hearing Defendant District Attorney Carol Iski allegedly entered new

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network (OSCN). *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

evidence against Plaintiff. The new evidence was Defendant Deputy Investigator Aaron Swayze's statement which was written in May 2020. Plaintiff claims he has been in jail since November 20, 2019, but has not had a preliminary hearing. In addition, Judge Ramirez allegedly has denied every attempt Plaintiff has filed to reduce his bail.

Plaintiff further alleges that when he was booked into the Okmulgee County Jail on December 31, 2019, he did not have a mat, but was issued two blankets for sleeping. He also complains that the sewer system has backed up three times, and he had to eat his meals while standing in and smelling feces.

**Discussion**

As an initial matter, the Court finds Defendants Judge Pandee Ramirez, Okmulgee County Judge; Carol Iski, Okmulgee County District Attorney; Cori Felkins, OIDS Attorney; and Cindy Dawson, OIDS Attorney, must be dismissed from this civil rights action.

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Further, a prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Therefore,

Judge Pandee Ramirez and Carol Iski are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b).

As for Defendants Cori Felkins and Cindy Dawson, both of whom are OIDS attorneys, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983). *See also Harris v. Champion*, 51 F.3d at 901, 909 (10th Cir. 1995) (holding that appointed defense counsel, employed by OIDS and engaged in traditional lawyer functions as counsel to a defendant in a criminal proceeding, do not act under color of state law). Therefore, any action taken by Defendants Felkins or Dawson was not a state action for purposes of 42 U.S.C. § 1983, and Defendants Felkins and Dawson are DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

Regarding Plaintiff's request for relief in the form of monetary damages and the dismissal of his pending charges, a plaintiff who seeks compensatory damages for his alleged unconstitutional incarceration first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

"[A] a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (citations omitted). Federal courts, however, are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998). Here, the Court find that abstention is proper, and the Court will not consider Plaintiff's

claims regarding his criminal proceedings. Therefore, Plaintiff's claims regarding his criminal prosecution are DISMISSED WITHOUT PREJUDICE.

**Amended Complaint**

Plaintiff may, however, proceed with his claim concerning the conditions of his confinement in the Okmulgee County Jail, provided he completes a proper civil rights complaint. Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983, with each defendant listed in both the caption and the body of the document. Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation

violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). When a plaintiff instead uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. at 1250 (citation omitted).

The amended complaint must include all claims and supporting material to be considered by the Court, *See* Local Civil Rule 9.2(c), however, *it may not include defendants or claims that are dismissed by this Opinion and Order*. It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original

complaint or exhibits. *Id*. An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**ACCORDINGLY,**

1. Defendants Judge Pandee Ramirez and Carol Iski are DISMISSED WITH PREJUDICE.

2. Defendants Cori Felkins and Cindy Dawson are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's claims concerning his criminal prosecution are DISMISSED WITHOUT PREJUDICE.

4. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.

5. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

6. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 6th day of August, 2020.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma