## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA DUANE BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV 20-231-RAW-SPS |
| | ) |
| EDDIE RICE and | ) |
| SAM McCOY, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

This action is before the Court on Defendants' motions to dismiss Plaintiff's second amended complaint. The Court has before it for consideration the second amended complaint (Dkt. 24), Defendants' motions (Dkts. 26, 41), Plaintiff's responses to the motions (Dkts. 28, 30, 31, 36, 42), and Defendants' replies (Dkts. 29, 43).

Plaintiff, who is proceeding pro se and *in forma pauperis*, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages for alleged constitutional violations occurring during his incarceration in the Okmulgee County Jail. The defendants are Eddie Rice, Okmulgee County Sheriff, and Sam McCoy, Director of the Okmulgee County Jail.

Plaintiff is a pretrial detainee who has been charged in Okmulgee County District Court Case No. CF-2019-260. According to the Oklahoma State Courts Network at

https:www.oscn.net,[1] his bond was reduced on April 6, 2021, and on April 26, 2021, he advised this Court that his current address is in Skiatook, Oklahoma (Dkt. 44). On August 26, 2021, his jury trial was set for October 4, 2021. He asserts that the following violations of his constitutional rights were caused by the unspecified negligence of the defendants.

**Plaintiff's Allegations**

Plaintiff alleges that on December 31, 2019, he was booked into the Okmulgee County Jail. Because the facility was overcrowded, there were no available bunks. He claims he was issued only two thin, woolen blankets and no mat, causing him to sleep on the bare concrete floor until July 2020, when he received a mat.

Plaintiff further asserts that on at least three occasions in February and March 2020, the jail's sewer backed up and flooded the pods with urine and feces.[2] The prisoners were left to walk in the waste for hours and to clean it up. The prisoners also were served meal trays during these periods and told to eat while standing in and smelling urine and feces.

On September 9, 2020, Sgt. Curtis allegedly brought to Plaintiff's attention the fact that she had been retrieving his legal documents from the "shred basket." As a result of this information, Plaintiff requested the court clerk to send him copies of all of his filings with the court. After receiving the copies, Plaintiff noticed that from March to September, 2020,

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

[2] In his response to Defendant Rice's motion to dismiss, Plaintiff asserts he was wearing sandals at the time (Dkt. 28 at 1).

none of his pro se motions were filed (Dkt. 36).[3]

Plaintiff next complains that on multiple occasions from July to October 2020, his correspondence from the federal court was withheld or opened before he received it. This allegedly was caused by the "front administration" that picks up the mail. In particular, his incoming legal mail concerning this lawsuit allegedly was withheld for 18 days.

**Standard of Review**

In assessing a motion to dismiss, the Court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a

---

[3] In Plaintiff's "supporting documents" he states he resubmitted his motions to the Okmulgee County District Court for filing in his criminal case (Dkt. 36).

motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

**Personal Participation**

The defendants allege Plaintiff has not shown their personal participation in the alleged incidents. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."). Although the Court finds Plaintiff has not alleged the defendants' personal participation, the merits of Plaintiff's allegations are discussed below.

**Conditions of Confinement**

Defendants allege, among other things, that Plaintiff has failed to sufficiently allege

a constitutional violation concerning the conditions of his confinement. In *Craig v. Eberly*, 164 F.3d 490 (10th Cir. 1998), The Tenth Circuit Court of Appeals set forth the following analysis to be followed for pretrial detainees in § 1983 claims against jail officials:

> . . . Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, *see Bell v. Wolfish*, 111 U.S. 520, 535 (1979), the Eighth Amendment standard provides the benchmark for such claims. *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996). The Eighth Amendment requires jail officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299. 1310 (10th Cir. 1998). To hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component. *See id.*
>
> The objective component requires that the alleged deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Although what constitutes cruel and unusual punishment under the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society," *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Trop v. Dulles*, 356 U.S. 56, 101 (1958) (plurality opinion)), the Constitution "does not mandate comfortable prisons," *id.* at 349. To the contrary, jail conditions may be "'restrictive and even harsh'" without violating constitutional rights. *Barney*, 143 F.3d at 1311 (quoting *Rhodes*, 452 U.S. at 347). Indeed, "only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (internal quotation marks and citation omitted); *accord Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This inquiry turns not only on the severity of the alleged deprivations, but also on their duration. *See Barney*, 143 F.3d at 1311 ("An important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration."). . . .
>
> The subjective component requires the jail official to have a "sufficiently culpable state of mind." *Id.* at 297. In the context of prison-conditions claims, the required state of mind is one of "'deliberate

> indifference' to inmate health and safety." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302-03). In other words, the jailer is liable only if he or she "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* At 837. "It is not enough to establish that the official should have known of the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

*Craig*, 164 F.3d at 495.

Plaintiff alleges that because of overcrowding, he was required to sleep on a concrete floor with two thin wool blankets, but no mat, for approximately seven months. "[O]vercrowding alone is not 'sufficiently serious' to establish a constitutional violation." *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. Dec. 3, 2002) (citing *Rhodes*, 452 U.S. 337, 348-49 (1981)). Further, allegations that an inmate had to sleep on the floor because of overcrowding "do not show the type of extreme deprivation needed to make out a conditions of confinement claim." *Parks v. Taylor*, No. CIV-19-1188-D, 2020 WL 5089584, at *3 (W.D. Okla. Aug. 28, 2020) (unpublished). *See also Kell v. Sturch*, No. CIV-10-465-JHP, 2011 WL 2609681, at *2 (E.D. Okla. July 1, 2011) (unpublished) ("Sleeping on the floor without aggravating conditions simply does not rise to the level of a constitutional deprivation.") (citations omitted). Here, Plaintiff does not allege he suffered any illness or injury as a result of having to sleep on the floor. The Court, therefore, finds Plaintiff has failed to meet the objective component by showing an Eighth Amendment claim for the alleged overcrowding and for sleeping on the floor with two blankets.

The Court further finds that Plaintiff has failed to demonstrate his constitutional

rights were violated with respect to the three occasions when the jail's sewer backed up, and he and other prisoners had to walk in urine and feces for hours and stand in waste while eating meals. "Inmate exposure to sewage can constitute a serious risk to inmate health and safety and satisfy the objective component." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (citations omitted). "At the same time, the frequency and duration of the condition, as well as the measures employed to alleviate the condition, must be considered when considering the objective component." *Id.* (citations omitted). "While the Court recognizes that plumbing problems of this nature are maybe disgusting, they do not rise to the level of intolerable conditions of confinement if they occur only occasionally or infrequently." *Shannon v. Graves*, aff'd, 257 F.3d 1164 (10th Cir. 2001). "[N]ot every overflowed toilet in a prison amounts to a constitutional violation." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (finding that prisoner's four days of exposure to raw sewage from an overflowed toilet in his cell was a "*de minimis* imposition" that did not "implicate constitutional concerns"). The Court, therefore finds Plaintiff has failed to state a claim for his conditions of confinement.

**Access to the Courts**

Plaintiff alleges that on September 9, 2020, Jail Investigator Sgt. Curtis told him that she had been retrieving his legal documents from the shred basket. Plaintiff contacted the court clerk and determined that from March to September 2020, none of his pro se motions had been filed.

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Here, the Court finds Plaintiff's allegations are insufficient to demonstrate that he suffered any actual injury that constitutes a claim for denial of access to the courts. He, therefore, has not stated a claim for denial of access to the courts.

Plaintiff also alleges that from July to October 2020, multiple pieces of his correspondence regarding this lawsuit were tampered with by being opened or withheld for 18 days. He, however, has not identified or described the particular legal mail that was not filed. Plaintiff has a constitutional right to have his mail processed for delivery. *Treff v. Galetka*, 74 F.3d 191, 195 (10th Cir.1996). "[A]n isolated or occasional opening of legal mail outside the presence of the inmate is not necessarily a constitutional violation." *Kalka v. Megathlin*, 10 F. Supp. 2d 1117, 1123 (D. Ariz. 1998), *aff'd*, 188 F.3d 513 (9th Cir. 1999) (citations omitted). "In order '[t]o prevail on a claim of interference with legal mail, a plaintiff must show that a pending or anticipated legal action was prejudiced by the alleged interference.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 297 (N.D.N.Y. 2003) (citation omitted). *See also Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 77-78 (3d

Cir. 2014) (affirming district court's order granting motion to dismiss Plaintiff's claim regarding a denial of access to the court "as no actual injury resulted from the alleged interference with his legal mail"). Here, the Court finds Plaintiff has failed to allege any prejudice or injury resulting from the allegedly tampered with or withheld legal mail.

**ACCORDINGLY,** Defendant Eddie Rice's and Defendant Sam McCoy's motions to dismiss (Dkts. 26, 41) are GRANTED for Plaintiff's failure to state a claim upon which relief can be granted. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 10th day of September 2021.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA